Zimmerman, J.,
 

 dissenting. The majority opinion holds that the evidence in this case establishes as a matter of law that Herbig and the defendant, Halloran, were concurrently negligent in causing plaintiff’s damage, and consequently the general release without reservations given by plaintiff to Herbig, upon a substantial consideration, operated to release the defendant.
 

 “Concurrent negligence” arises where an injury is proximately caused by the concurring wrongful acts or omissions of two or more persons acting independently. And concurrent negligence which may impose liability on two persons acting separately need not necessarily be simultaneous, if it is so conjoined as to contribute directly to the injury produced.
 

 The évidence in this case shows that plaintiff’s automobile was damaged to some extent and turned in a crosswise position by Herbig’s negligence. The evidence discloses that some
 
 six seconds
 
 later while plaintiff’s automobile was in the same position defendant
 
 *484
 
 drove into it further damaging the automobile and injuring plaintiff personally.
 

 In my opinion such a situation presents a question of fact for submission to a jury. It was for the jury to say whether Herbig’s negligence was so continuous and lasting that the act of the defendant, if negligent, united with Herbig’s negligence to produce the injuries, or whether the defendant was chargeable with a separate and independent act of negligence which brought about the injuries attributed to him.
 

 As I view the matter, the judgment of reversal and ' remand by the Court of Appeals was correct.
 

 Weygandt, C. J., and Turner, J., concur in the foregoing dissenting opinion.